IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A.,<br><br>*Plaintiffs,*<br><br>v.<br><br>E-MDS, INC.,<br><br>*Defendant.* | Civil Action No. 6:14-cv-00625<br><br>**CONSOLIDATED LEAD CASE** |
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A.,<br><br>*Plaintiffs,*<br><br>v.<br><br>GE HEALTHCARE, INC.<br><br>*Defendant.* | Civil Action No. 6:14-cv-00627 |

**PLAINTIFFS UNILOC USA, INC. AND UNILOC LUXEMBOURG S.A.'S ANSWER TO GE HEALTHCARE, INC. AND GENERAL ELECTRIC COMPANY'S COUNTERCLAIMS**

Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A. (collectively "Uniloc") hereby files this Answer to Defendant GE Healthcare, Inc.[1] and General Electric Company's (collectively "GE") Counterclaims ("Counterclaims") as follows:

---

[1] Uniloc identified GE Healthcare, Inc. based on the Office of the National Coordinator listing GE Healthcare, Inc. as the certified entity for EHR products.

## THE PARTIES

1. Uniloc lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 1 of the Counterclaims, and therefore, denies the allegations in paragraph 1 of the Counterclaims.

2. Uniloc lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 2 of the Counterclaims, and therefore, denies the allegations in paragraph 2 of the Counterclaims.

3. Uniloc admits the allegations in paragraph 3 of the Counterclaims.

4. Uniloc admits the allegations in paragraph 4 of the Counterclaims.

## JURISDICTION AND VENUE

1. Uniloc denies this Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 2201 and 2202. Uniloc admits the remaining allegations in paragraph 1 under Jurisdiction and Venue of the Counterclaims.

2. Uniloc admits the allegations in paragraph 2 under Jurisdiction and Venue of the Counterclaims.

## FACTUAL BACKGROUND

3. Uniloc admits they assert in their Complaint that GE infringed U.S. Patent Nos. 5,682,526 ("the '526 patent") and 5,715,451 ("the '451 patent"), but otherwise denies the allegations in paragraph 3 under Factual Background of the Counterclaims.

4. Uniloc denies the allegations in paragraph 4 of Factual Background of the Counterclaims.

5. Uniloc denies the allegations in paragraph 5 of the Counterclaims.

6. Uniloc admits an actual controversy exists between Uniloc and GE with respect to the '526 patent and '451 patent based on Uniloc's Complaint against GE.

## COUNT ONE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '526 PATENT

7. Uniloc incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

8. Uniloc admits an actual case or controversy exists between GE and Uniloc regarding GE's infringement of the '526 patent.

9. Uniloc denies the allegations set forth in paragraph 9 of the Counterclaims.

10. Uniloc denies the allegations set forth in paragraph 10 of the Counterclaims.

11. Uniloc denies the allegations set forth in paragraph 11 of the Counterclaims.

## COUNT TWO
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '451 PATENT

12. Uniloc incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

13. Uniloc admits an actual case or controversy exists between GE and Uniloc regarding GE's infringement of the '451 patent.

14. Uniloc denies the allegations set forth in paragraph 14 of the Counterclaims.

15. Uniloc denies the allegations set forth in paragraph 15 of the Counterclaims.

16. Uniloc denies the allegations set forth in paragraph 16 of the Counterclaims.

## COUNT THREE
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '526 PATENT

17. Uniloc incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

18. Uniloc denies the allegations set forth in paragraph 18 of the Counterclaims.

19. Uniloc denies the allegations set forth in paragraph 19 of the Counterclaims.

20. Uniloc denies the allegations set forth in paragraph 20 of the Counterclaims.

## COUNT FOUR
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '451 PATENT

21. Uniloc incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

22. Uniloc denies the allegations set forth in paragraph 22 of the Counterclaims.

23. Uniloc denies the allegations set forth in paragraph 23 of the Counterclaims.

24. Uniloc denies the allegations set forth in paragraph 24 of the Counterclaims.

## PRAYER

WHEREFORE, Uniloc prays that Defendant GE's Counterclaims be dismissed with prejudice; that it take nothing by virtue of its claims against Uniloc; that the Court enter judgment that GE infringed the '526 patent and '451 patent; that GE account for and pay to Uniloc all damages to and costs incurred by Uniloc because of GE's actions; that the Court enter a preliminary and permanent injunction against GE; that Uniloc be granted pre-judgment and post-judgment interest on damages caused by GE's actions; that Uniloc be awarded attorneys' fees for this case being exceptional; and such other further relief as the Court may deem proper.

Dated: October 24, 2014

Respectfully submitted,

*/s/ Ryan S. Loveless*
**E. Leon Carter**
Texas State Bar No. 03914300
lcarter@carterscholer.com
**J. Robert Arnett II**
Texas State Bar No. 01332900
barnett@carterscholer.com
**Ryan S. Loveless**
Texas State Bar No. 24036997
rloveless@carterscholer.com

**Joshua J. Bennett**
Texas State Bar No. 24059444
*jbennett@carterscholer.com*
**Rachany T. Son**
Texas State Bar No. 24081969
*rson@carterscholer.com*
**CARTER SCHOLER ARNETT HAMADA & MOCKLER, PLLC**
8150 N. Central Expressway, 5th Floor
Dallas, Texas 75206
Telephone: (214) 550-8188
Facsimile: (214) 550-8185

**James L. Etheridge**
Texas State Bar No. 24059147
Jim@EtheridgeLaw.com
**ETHERIDGE LAW GROUP, PLLC**
2600 E. Southlake Blvd., Suite 120/324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 877-5950

***ATTORNEYS FOR PLAINTIFFS
UNILOC USA, INC. AND
UNILOC LUXEMBOURG S.A.***

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2014, the foregoing document was served on all counsel of record via the Court's CM/ECF system.

*/s/ Ryan S. Loveless*