**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC. et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:14-CV-00625-MHS |
| | § | |
| E-MDS, INC., ET AL | § | **LEAD CASE** |
| | § | |
| Defendants | § | **JURY TRIAL DEMANDED** |
| | § | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'**
**COMPLAINT UNDER RULE 12(B)(6) FOR FAILURE TO ALLEGE INFRINGEMENT**
**OF A PATENTABLE CLAIM UNDER 35 U.S.C. § 101**

# TABLE OF CONTENTS

I.  A Ruling Should Not Be Deferred Until After Claim Construction ............................ 1

II.  The '526 Claims Are Not Patent-Eligible Under § 101 .................................................. 3

   A.  The '526 Patent Claims an Abstract Idea .............................................................. 3

   B.  The '526 Patent Does Not Meaningfully Limit the Abstract Idea ...................... 6

III.  The '451 Claims Are Not Patent-Eligible Under § 101 ................................................. 7

   A.  The '451 Patent Claims an Abstract Idea .............................................................. 8

   B.  The '451 Claims Do Not Meaningfully Limit the Claimed Abstract Idea ......... 8

IV.  Both of the '526 and '451 Patents Fail the Machine or Transformation Test ............. 9

V.  Claim 1 of the '526 Patent and Claim 6 of the '451 Patent Are Representative ....... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Accenture Global Servs., GmbH v. Guidewire Software, Inc.*,
    728 F.3d 1336 (Fed. Cir. 2013)..........................................................................4, 6

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
    134 S. Ct. 2437 (2014).................................................................................. *passim*

*Bascom Research, LLC v. LinkedIn, Inc.*,
    No. 12-cv-06293, 2015 WL 149480 (N.D. Cal. Jan. 5, 2014).........................5, 6, 7

*In re BRCA1- and BRCA2-Based Hereditary Cancer Test Patent Litigation*,
    2014 WL 7156722, at *n.4 (Dec. 17, 2014) ...............................................6

*buySAFE, Inc. v. Google, Inc.*,
    765 F.3d 1350 (Fed. Cir. 2014)..........................................................................4, 8

*Card Verification Solutions, LLC v. Citigroup Inc.*,
    No. 13-cv-07245, 2014 WL 4922524 (N.D. Ill. Sept. 29, 2014).............................5

*Clear With Computers, LLC v. Dick's Sporting Goods, Inc.*,,
    No. 6:12-CV-674, 2014 WL 923280 (E.D. Tex. Jan. 21, 2014)...............................9

*Cloud Satchel, LLC v. Amazon.com, Inc.*,
    2014 WL 7227942 (D. Del. Dec. 18, 2014).......................................................6, 7

*Cogent Medicine, Inc. v. Elsevier Inc.*,
    No. C-13-4479-RMW, 2014 U.S. Dist. LEXIS 139856 (N.D. Cal. Sept. 30,
    2014) .........................................................................................................3, 4, 7

*Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*,
    No. 13-1588, 2014 WL 7272219 (Fed. Cir. Dec. 23, 2014).......................... *passim*

*Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.*,
    558 F. App'x 988 (Fed. Cir. 2014) ................................................................1, 3

*CyberSource Corp. v. Retail Decisions, Inc.*,
    654 F.3d 1366 (Fed. Cir. 2011)..........................................................................3, 8

*Digitech Image Techs. v. Elecs. for Imaging, Inc.*,
    758 F.3d 1344 (Fed. Cir. 2014)..........................................................................3, 4, 5

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
    566 U.S. __, 132 S. Ct. 1289 (2012)......................................................................2

*MyMedicalRecords, Inc., v. Walgreens Co.*,
   No. 2:13-cv-00631, 2014 WL 7339201 (C.D. Cal. Dec. 23, 2014)...........................................3

*OIP Techs. Inc. v. Amazon.com, Inc.*,
   2012 WL 395118 at *13 ...............................................................................................9, 10

*Ultramercial, Inc. v. Hulu, LLC*,
   772 F.3d 709 (Fed. Cir. 2014).................................................................................2, 5, 6, 10

**Federal Statutes**

35 U.S.C. § 101................................................................................................................. *passim*

**Rules**

Fed. R. Civ. P. 12(b)(6)......................................................................................................1

Plaintiffs' opposition fails to rebut Defendants' showing that the claims of the '526 and '451 patents are patent-ineligible.  Rather, Plaintiffs' principal arguments that the claimed inventions are not directed to abstract ideas—because they implement methods on a computer and receive information from a user—have been repeatedly rejected by the Supreme Court and the Federal Circuit.  Likewise, Plaintiffs fail to demonstrate that this Court should defer ruling on the motion until after claim construction.  Specifically, Plaintiffs have not explained how or why any construction would render the claims patent-eligible.  As set forth herein and in Defendants' Motion (Dkt. No. 73), the Court should hold all claims of the asserted patents invalid as patent-ineligible under 35 U.S.C. § 101.

## I.      A Ruling Should Not Be Deferred Until After Claim Construction

"There is no requirement that the district court engage in claim construction before deciding § 101 eligibility."  *Cyberfone Sys., LLC v. CNN Interactive Grp., Inc*., 558 F. App'x 988, 992 (Fed. Cir. 2014).  Indeed, the Federal Circuit recently reaffirmed that claim construction "is not an inviolable prerequisite to a validity determination under § 101" and a court may determine patentable subject matter "at the pleading stage" in a motion under Fed. R. Civ. P. 12(b)(6).  *Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, No. 13-1588, 2014 WL 7272219, at *5 (Fed. Cir. Dec. 23, 2014).

Plaintiffs' argument to the contrary rests on the presumption that Defendants' position "hinges on" claim construction.  (Dkt. No. 100 at 9, 10).  On the contrary, the claims at issue here are abstract under any claim construction.  The claims are directed to nothing more than computer-implemented methods using general purpose computers.  Indeed, while Plaintiffs argue that claim construction is necessary, they do not—and cannot—explain how any construction would steer the claims away from an abstract idea or add an "inventive concept" sufficient to transform the abstract idea into a patent-eligible application.  *See Alice Corp. Pty. Ltd. v. CLS*

*Bank Int'l*, 134 S. Ct. 2437, 2357 (2014).   Rather, Plaintiffs sidestep this substantive issue, stating only that they will address claim construction "at a later date."   (*Id.* at 10).   But the bare assertion that Plaintiffs will dispute claim constructions in the future does not create a material dispute regarding patent-eligibility.  *See Content Extraction*, 2014 WL 7272219, at *5.

As in *Content Extraction*, the claims of the '526 and '451 patents recite nothing more than abstract concepts implemented on a computer.   The generically-recited functions (*e.g.*, "receiving" instructions, "specifying" values, and "linking" parameters in the '526 patent, and "receiving" inputs and "storing" data and formulas in the '451 patent) are "merely what computers do" and do not require claim construction to determine patent eligibility under § 101. *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 717 (Fed. Cir. 2014).   No "special programming" is described or claimed by either asserted patent, and the Supreme Court has stated that merely programming a general purpose computer to perform a method is insufficient to render the claims patent-eligible.  *Alice*, 134 S. Ct. at 2359-60.

Plaintiffs' argument that Defendants ignored certain claim limitations in the '451 patent, such as the "window-based user interface," is equally without merit.   Defendants have not ignored any claim limitations.   Rather, Defendants have properly applied the *Alice* framework to (1) identify the abstract idea in the claims (Dkt. No. 73 at 14-15), and (2) demonstrate that the additional recited limitations in the '451 patent are not "meaningful limitations" that would confer patent eligibility (*id*. at 16-17).   Here, the claimed abstract idea of receiving and storing a user-constructed formula is performed via a well-known windows-based interface, —is exactly the kind of "'well-understood, routine, and conventional activit[y]' previously known in the industry" that is insufficient to confer patent-eligibility.  *Alice*, 134 S. Ct. at 2359 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. __, 132 S. Ct. 1289, 1294 (2012)).

Plaintiffs also raise a number of alleged "factual" disputes.  (Dkt. No. 100 at 11-12).  Like the alleged claim construction disputes, these alleged "factual" disputes do not affect the § 101 analysis.  For instance, while Plaintiffs dispute whether generic functions, such as "receiving," "specifying," and "linking" data, are just basic concepts involved in organizing data, this does not raise a material factual issue.  The test for patent-eligibility turns on whether the claim elements meaningfully limit the abstract idea to a concrete application.  *See Alice*, 134 S. Ct. at 2357.  Despite Plaintiffs' arguments, the claims remain nothing more than mere "data-gathering steps," which are insufficient to confer patent-eligibility.  (Dkt. No. 73 at 10, 16; *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1370 (Fed. Cir. 2011)).

Because Defendants' arguments do not "hinge on" any particular claim construction or factual issue, but rather rest on the abstract nature of the claims irrespective of any construction, and because Uniloc made no effort to show how the § 101 analysis could even possibly turn on claim construction, this Court—like in *Cyberfone* and *Content Extraction*—should grant Defendants' motion irrespective of claim construction.

## II.     The '526 Claims Are Not Patent-Eligible Under § 101

### A.     The '526 Patent Claims an Abstract Idea

The '526 patent claims recite the abstract idea of organizing medical data in a hierarchy.[1] (Dkt. No. 73 at 6; *see also* '526 patent at 1:9-11, 3:15-16).  The courts have repeatedly held that organizing electronic information is a patent-ineligible abstract idea.  *Digitech Image Techs. v. Elecs. for Imaging, Inc.,* 758 F.3d 1344, 1350 (Fed. Cir. 2014).[2]  Plaintiffs assertion that claim 1

---

[1] Although Plaintiffs accuse Defendants of failing to "specifically articulate what abstract idea" is claimed (Dkt. 100 at 14), the abstract idea is stated in boldfaced letters at page 6 of Defendants' motion.  Each of the descriptions laid out by Plaintiffs is consistent, on its face, with this definition.  (*Id.*).

[2] *See also MyMedicalRecords, Inc., v. Walgreens Co.*, No. 2:13-cv-00631, 2014 WL 7339201 at *3 (C.D. Cal. Dec. 23, 2014) (concept of electronically managing patient information is abstract idea); *Cogent*

requires "special programming on the 'computer system'" and the "execution of programming," (Dkt. 100 at 14) has been repeatedly rejected by federal courts.  In fact, Plaintiffs' argument acknowledges that the claims are directed to nothing more than programming a general purpose computer—exactly the type of claims held unpatentable in by the Supreme Court in *Alice* and *Bilski* and by the Federal Circuit *Accenture*, *Bancorp*, *buySAFE*, *Content Extraction*, and *Digitech*.  Each of the claims in these cases recited a computer programmed to perform the claimed functions, and in every case the courts held that the claims were unpatentable under § 101.  Plaintiffs' argument here fares no better—merely reciting a computer to perform the method does not confer patent eligibility.

Plaintiffs argue that *Digitech* is distinguishable because, in that case, the claims were "merely directed to organizing existing information" without "input from a physical device." (Dkt. No. 100 at 16).  Plaintiffs also argue that the claims of the '526 patent require "user input" to create "a new parameter" that is linked to "possible result values." *Id.*  These assertions fail to distinguish *Digitech*.  The claim there was "an abstract idea" because it "describe[d] a process of organizing information through mathematical correlations and is not tied to a specific structure or machine." *Digitech*, 758 F.3d at 1350.  The '526 patent's recitation of a user to select a new parameter and link it to "possible result values" is a routine operation like the mathematical correlations found ineligible in *Digitech*.

Plaintiffs' argument is also self-contradicting.  Plaintiffs argue that the '526 patent does not claim an abstract idea because it requires a "specially programmed" computer and because a "user," not the computer, performs the claimed steps.  Plaintiffs cannot have it both ways.  Neither of these assertions, however, renders the claims patent-eligible.  The Federal Circuit has

---

*Medicine, Inc. v. Elsevier Inc.*, No. C-13-4479-RMW, 2014 U.S. Dist. LEXIS 139856 at *11 (N.D. Cal. Sept. 30, 2014) (concept of electronically categorizing and searching information is abstract idea).

determined that the abstract idea of "data collection, recognition, and storage is undisputably well-known," *Content Extraction*, 2014 WL 7272219, at *3, and merely organizing data is an unpatentable abstract idea, *Digitech*, 758 F.3d at 1350.  The '526 claims are no different.

The Federal Circuit has also expressly rejected Plaintiffs' argument that user input confers patent-eligibility.  In *Ultramercial*, the patent owner argued that "the claims require users to select advertisements, which was a change from existing methods of passive advertising and involves more than merely implementing an abstract idea."   772 F.3d at 714.   The Federal Circuit rejected this argument, explaining that user selection was merely part of the claimed abstract concept and did not confer patent-eligibility.  *Id.* at 715.  Similarly, in the '526 patent, the user's actions do not change the fact that the claims are directed to the abstract idea of organizing medical data in a hierarchy, which was routine and well-known in the art.  (*See, e.g.*, '526 patent at 1:21-29).

 Plaintiffs' reliance on *Card Verification Solutions, LLC v. Citigroup Inc.*, No. 13-cv-07245, 2014 WL 4922524 (N.D. Ill. Sept. 29, 2014), is similarly flawed.  Indeed, the court in *Card Verification* held that the claims there *were directed at an abstract idea*.  *See id.* at *3 ("The first [*Alice*] step requires this Court to determine whether the claims . . . are directed toward . . . an abstract idea.  They are.").  Thus, *Card Verification* does not support Plaintiffs' position that by claiming user input, the '526 patent claims are not abstract.  As explained above, the Federal Circuit has already rejected the idea that user involvement renders a claim patent-eligible.  *Ultramercial*, 772 F.3d at 714.  Other courts have also held that user input to organize data is a patent-ineligible abstract idea.  For example, in *Bascom Research, LLC v. LinkedIn, Inc.*, No. 12-cv-06293, 2015 WL 149480 (N.D. Cal. Jan. 5, 2014), the court held that "*allowing users*" to "generate relationships between document objects and storing those relationships," *i.e.*,

linking objects or parameters, "simply describes the *abstract idea* of creating, storing and using relationships between objects," which is an unpatentable abstract idea.   *Id.* at *8 (emphasis added).   Thus, organizing medical data in a hierarchy, as recited in the claims, even if certain steps recite a user, is a patent-ineligible abstract idea.

### B.        The '526 Patent Does Not Meaningfully Limit the Abstract Idea

Plaintiffs assert that the '526 claims are patent-eligible because they do not preempt "*all* applications of the abstract idea."  (Dkt. No. 100 at 17).  Plaintiffs misstate the preemption test. A claim need not preempt all possible applications in order to find claims patent-ineligible.  *See, e.g.*, *In re BRCA1- and BRCA2-Based Hereditary Cancer Test Patent Litigation*, 2014 WL 7156722, at *n.4 (Dec. 17, 2014) ("the preemptive nature of the claims is not ameliorated even if . . . other methods of comparison exist"); *see also Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1345 (Fed. Cir. 2013).  Under the correct framework, claims directed to abstract ideas are not patent-eligible unless they add "meaningful limitations" or an "inventive concept" that transform the claimed abstract idea.  *Alice*, 134 S. Ct. at 2355; *Ultramercial,* 772 F.3d at 715.  Here, the claims of the '526 patent do not add any such meaningful limitations.

Plaintiffs contend that the "six ordered steps" in claim 1 narrow the abstract idea of organizing and displaying medical data.  (Dkt. 100 at 17).  The number of claimed steps, however, has no bearing on whether a claim recites patentable subject matter.  *See, e.g.*, *Ultramercial,* 772 F.3d at 714-15 (finding eleven steps did not add meaningful limitations); *Cloud Satchel, LLC v. Amazon.com, Inc.*, 2014 WL 7227942, at *6 (D. Del. Dec. 18, 2014) ("An abstract idea is likewise not saved by the mere fact that the claim is lengthy and recites multiple steps.").  The functional limitations that Plaintiffs rely upon (such as "creating a new parameter," "specifying the indicated result values," and "linking" the values) recite "well-understood" and

"conventional" steps, which cannot impart patent eligibility.  *See Alice*, 134 S. Ct. at 2357.

Although ostensibly referring to "six steps," Plaintiffs' argument relies principally on the "linking" functions of the claims. (*See* Dkt. 100 at 19).  "Linking," however, is part of the abstract idea of organizing data in a hierarchy.  Plaintiffs' "linking"-based argument was expressly rejected in *Bascom*.  *Bascom* explains that "[e]stablishing relationships between document objects [*e.g.*, linking] and making those relationships accessible is not meaningfully different from classifying and organizing data."  *Bascom*, 2015 WL 149480 at *9.  *Bascom* also held that "creating one or more link directories for storing link relationships between document objects" is insufficient to meaningfully limit the claims or render them patent-eligible.  *Id.* at *10.  For these same reasons, the claims of the '526 patent are also unpatentable.  The claimed "linking" steps are nothing more than a user instructing a computer to connect one piece of information with another.  But, as *Bascom* held, linking parameters or allowing a user to link parameters through an interface does not confer patent eligibility to the abstract idea of organizing data.  *Id.*; *see also Cogent*, 2014 WL 4966326, at *4 (holding that limitations directed to an "enhanced interface" was not a meaningful limitation that confers patent-eligibility).

Finally, Plaintiffs rely on the ordering of steps in claim 1.  (Dkt. 100 at 18.)  The "ordered combination" of steps, however, does not confer patent-eligibility because the steps—regardless of their order—recite the same abstract idea of organizing data in a hierarchy that "can be achieved by any general purpose computer without special programming."  *Cloud Satchel,* 2014 WL 7227942, at *8.[3]

## III.     The '451 Claims Are Not Patent-Eligible Under § 101

Plaintiffs do not even attempt to argue that the '451 claims are patent-eligible under

---

[3] Plaintiffs also argue that claims 4, 10, 11, 14, 15, and 21 demonstrate that claim 1 is patent-eligible.  However, claim 1 is representative of all of the claims of the '526 patent (Dkt. No. 73 at 13), which are directed to the same abstract concept and fail to recite meaningful limitations.  Plaintiffs fail to demonstrate otherwise.

*Alice*.  Plaintiffs' unexplained and unsupported conclusion that "[the] '451 Patent [is] not directed to an abstract idea" (Dkt. No. 100 at 13) fails to rebut Defendants' argument that the claims are directed to the abstract idea of storing user-constructed formulas (Dkt. No. 73 at 14). The claims of the '451 patent are directed to an unpatentable abstract idea and do not include meaningful limitations that render them patent-eligible.

## A.    The '451 Patent Claims an Abstract Idea

Plaintiffs assert that Defendants present a "moving target argument" of different abstract ideas.  (Dkt. No. 100 at 12).   But Defendants presented only one, consistent abstract idea: "storing user-constructed formulas."   In fact, Plaintiffs' own description of the '451 patent confirms the abstract idea presented by Defendants.  For example, Plaintiffs explain that the '451 patent is directed to "how medical data is generated and managed," because it allows a user to construct "generalizable [formulas] among different patients."  (Dkt. No. 100 at 6-7).  The '451 claims recite that the user generates the formula using a computer and that the computer merely stores the formula that may be applied to data.  But using a computer to perform tasks that could be done by a human does not preclude finding an abstract idea and does not render the claims patent-eligible.  *Cybersource*, 654 F.3d at 1373.  On the contrary, the computer performs only "basic calculation [and] storage" functions, which both the Supreme Court and the Federal Circuit have held are insufficient to render claims patent-eligible.  *See Alice* 134 S. Ct at 2360; *buySAFE*, 765 F.3d at 1354.  Because the claims are directed to the abstract idea of storing user-constructed formulas, they are directed to patent-ineligible subject matter under § 101.  (*See* Dkt. No. 73 at 16).

## B.    The '451 Claims Do Not Meaningfully Limit the Claimed Abstract Idea

Plaintiffs do not even assert that the claims add "significantly more" to the abstract idea to render the claims patent-eligible.  Thus, the fact that the '451 claims are directed to an abstract

idea should end the analysis.  Plaintiffs' only defense to invalidity under § 101 is that the motion is "premature" and that there are claim construction and factual issues to resolve.  (*Id.* at 10-12, 25).  As explained above, however, the claims are directed to an abstract idea and fail to recite an inventive concept irrespective of alleged claim construction or factual disputes.  (Dkt. No. 73 at 14-18).  Plaintiffs have not disputed that the '451 claims do not provide meaningful limitations to the abstract idea.  The Court should, therefore, grant Defendants' motion.

## IV.    Both of the '526 and '451 Patents Fail the Machine or Transformation Test

Although the machine-or-transformation ("MOT") test has been rejected as the exclusive test for patent-eligibility, the recitation in the '526 and '451 patents of an end user using a general-purpose computer to perform routine and conventional processes cannot survive a challenge under § 101, even under the MOT test.  *See Clear With Computers, LLC v. Dick's Sporting Goods, Inc.*, No. 6:12-CV-674, 2014 WL 923280, at *6 (E.D. Tex. Jan. 21, 2014); *see also OIP Techs. Inc. v. Amazon.com, Inc.*, 2012 WL 395118 at *13 ("merely identifying general machine elements does not satisfy the MOTT").

Plaintiffs assert that the '526 patent[4] is tied to a "machine" merely because it requires "programming on a 'computer system'" with a "'patient information hierarchy.'"  (Dkt. No. 100 at 21).  In essence, Plaintiffs assert that a generic computer organizing data into a hierarchy renders the claims patent-eligible.  But in *Alice*, the Supreme Court invalidated the claims at issue despite the parties' agreement that the claims required a computer programmed to perform the claimed functions, stating that "method claims, which merely require generic computer implementation, fail to transform [an] abstract idea into a patent-eligible invention."  *Alice*, 134 S. Ct at 2353, 2357, *see also*, *OIP Techs.*, 2012 WL 395118, at *13.  The Court held the claims

---

[4]  Plaintiffs' opposition does not assert that the '451 patent satisfies the MOT test.

must be tied to a *particular* machine and not a generic computer performing the recited functions.  Plaintiffs' argument must, therefore, be rejected.

The '526 claims also do not "transform" data or otherwise satisfy the transformation prong of the MOT test.  Plaintiffs argue that claim 1 of the '526 patent "expressly require[s] structurally transforming the 'computer system.'"  (Dkt. No. 100 at 22).  This characterization is incorrect.  Data, in the '526 patent and in computers generally, is stored in memory and receiving, linking, and storing data cannot fundamentally change the structure of the computer. As the Federal Circuit explained in *Ultramercial*, "adding a computer to otherwise conventional steps does not make an invention patent-eligible" because these "transformations" are "merely what computers do."  772 F.3d at 717.  The claims of the '526 patent are no different and do not transform any underlying subject matter.

**V.      Claim 1 of the '526 Patent and Claim 6 of the '451 Patent Are Representative**

As explained in Defendants' motion, claim 1 of the '526 patent and claim 6 of the '451 patent are representative of all claims.  (Dkt. No. 73 at 13, 17-18).  Plaintiffs' opposition also treats these claims as representative and does not independently argue the patentability of any other claims.  Because both parties treat specific claims as representative in their briefs, the Court can decide the patentability of all claims together based on these representative claims. *Content Extraction*, 2014 WL 7272219, at *4.

Dated:  January 16, 2015

| | |
|---|---|
| */s/  Martha J. Snyder*<br><br>Anthony A. Tomaselli (WI 1003673)<br>aat@quarles.com<br>Martha Jahn Snyder (WI 1070865)<br>martha.snyder@quarles.com<br>QUARLES & BRADY LLP<br>33 East Main Street, Suite 900<br>Madison, WI 53703<br>Tel.: 608.251.5000<br>Fax: 608.251.9166<br><br>**Attorneys for Defendant Epic Systems Corporation** | */s/  Robert H. Reckers*<br><br>LEAD ATTORNEY<br>Robert H. Reckers<br>Texas Bar No.: 24039520<br>rreckers@shb.com<br>SHOOK, HARDY & BACON LLP<br>JPMorgan Chase Tower<br>600 Travis Street, Suite 3400<br>Houston, Texas 77002-2926<br>Telephone: (713) 227-8008<br>Facsimile: (713) 227-9508<br><br>**Attorneys for Defendant Cerner Corporation** |
| */s/  Angela Holt*<br><br>Frank M. Caprio (pro hac vice)<br>Angela Holt (pro hac vice)<br>Bradley Arant Boult Cummings LLP<br>200 Clinton Ave. West, Suite 900<br>Huntsville, AL 35801-4900<br>Telephone: (256) 517-5170<br>Fax: (256) 517-5200<br>Email: fcaprio@babc.com<br>aholt@babc.com<br><br>**Attorneys for Defendant MEDHOST, Inc.** | */s/ Anthony G. Beasley*<br><br>Steven R. Daniels<br>Texas Bar No. 24025318<br>sdaniels@farneydaniels.com<br>Anthony G. Beasley (Admitted Pro Hac Vice)<br>Minnesota Bar No. 0389070<br>tbeasley@farneydaniels.com<br>FARNEY DANIELS PC<br>800 S. Austin Avenue, Suite 200<br>Georgetown, Texas 78626<br>Telephone: (512) 582-2828<br>Facsimile: (512) 582-2829<br>Sdaniels@farneydaniels.com<br><br>**Attorneys for Defendant e-MDS, Inc.**<br>**(a Texas Corporation)** |
| */s/  James Hill*<br><br>McDERMOTT WILL & EMERY LLP<br>James Hill (CA Bar No. 200920), Lead Attorney<br>jhill@mwe.com | */s/  Brian Craft*<br>Brian Craft<br>State Bar No. 04972020<br>Eric H. Findlay<br>State Bar No. 00789886<br>Findlay Craft, P.C. |

| | |
|---|---|
| Daniel Foster (CA Bar No. 179753)<br>dfoster@mwe.com<br>Gregory Yoder (CA Bar No. 274702)<br>gyoder@mwe.com<br>4 Park Plaza, Suite 1700<br>Irvine, CA 92614<br>Ph: 949-851-0633<br><br>**Attorneys for Defendant Computer Programs and Systems, Inc.** | 102 North College Avenue, Suite 900<br>Tyler Texas 75702<br>Tel. (903) 534-1100<br>Fax (903) 534-1137<br>E-mail: efindlay@findlaycraft.com<br>E-mail: bcraft@findlaycraft.com<br><br>J. Michael Jakes<br>John M. Williamson<br>D. Brian Kacedon<br>Kevin D. Rodkey<br>Finnegan, Henderson, Farabow,<br>Garrett & Dunner LLP<br>901 New York Avenue, NW<br>Washington, DC 20001-4413<br>Phone: (202) 408-4000<br>Fax: (202) 408-4400<br>mike.jakes@finnegan.com<br>john.williamson@finnegan.com<br>brian.kacedon@finnegan.com<br>kevin.rodkey@finnegan.com<br><br>**Attorneys for Greenway Medical Technologies, Inc.** |
| /s/  Blake T. Dietrich_____<br>Don V. Kelly, Fed. Bar. No. 16769<br>Metropolitan Square<br>211 North Broadway, Suite 2500<br>St. Louis, Missouri 63102<br>Telephone: 314-621-7755<br>Facsimile: 314-621-3136<br>dkelly@evans-dixon.com<br><br>John M. Jackson, TX Bar No. 24002340<br>jjackson@jw.com<br>Matthew C. Acosta, TX Bar No. 24062577<br>macosta@jw.com<br>Blake T. Dietrich, TX Bar No. 24087420<br>bdietrich@jw.com<br>JACKSON WALKER L.L.P.<br>901 Main Street, Suite 6000<br>Dallas, Texas 75202<br>**Attorneys for Defendants,<br>HealthTronics, Inc., meridianEMR, Inc.,** | /s/   Elizabeth L. DeRieux_____<br><br>Elizabeth L. DeRieux<br>Texas Bar No. 05770585<br>ederieux@capshawlaw.com<br>CAPSHAW DERIEUX LLP<br>114 E. Commerce Avenue<br>Gladewater, TX 75647<br>Telephone:  (903) 236-9800<br>Facsimile: (903) 236-8787<br><br>**Attorneys for Allscripts Healthcare Solutions, Inc.** |

| *and Altaris Capital Partners, LLC* | |
|---|---|

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served this 16th day of January, 2015, upon all parties by virtue of the Courts CM/ECF system.

_/s/ Brian Craft_
Brian Craft

13