IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNILOC USA INC. et al.<br><br>             Plaintiffs,<br><br>    v.<br><br>E-MDS, INC., et al.<br><br>             Defendants. | C.A. No. 6:14-cv-00625<br>Consolidated<br><br>**JURY TRIAL DEMANDED** |

### E-MDS, INC.'S SUR-REPLY IN OPPOSITION TO UNILOC'S MOTION TO COMPEL

Defendant e-MDs, Inc. ("e-MDs") files this sur-reply in support of its opposition to Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg SA's ("Uniloc" or "Plaintiff") motion to compel. Uniloc spends the bulk of its "reply" brief reiterating the arguments it made in its opening brief and studiously ignoring e-MDs' points in opposition. However, a short sur-reply may help the Court to understand the issues that remain, to the extent any do.

**A.     e-MDs' Thousands of Pages of Production are Sufficient and was Made in Good Faith, but e-MDs is Willing to Confer Further with Uniloc if Additional Production is Required**

With respect to the thousands of pages of production that e-MDs made on the date it promised to do so (not to mention the hundreds of pages of highly substantive manuals previously produced), Uniloc simply waves its hands and calls the production "fluff." However, the lone category of information Uniloc contends is not present in the production is information from a password protected website directed at e-MDs' customers. Before it mentioned this website in its reply brief, Uniloc had focused entirely on information provided to software developers and new employees of e-MDs and that is what e-MDs produced. The hundreds of

1

pages of manuals previously produced reflect the information provided to customers. Nonetheless, to the extent the information on the e-MDs website is not duplicative of information already produced, e-MDs will produce that information, to the extent it is consistent with the objections permitted in the Discovery Order. There is no dispute here for the Court to address.

Uniloc also complains that much of what e-MDs has produced is in the public domain. Uniloc requested information that e-MDs provides its employees to bring them up to speed and to assist them in doing their jobs. Much of that information is in the public domain or consists of information related to the operation of general purpose computing equipment, because that is the platform on which the accused products function (and, notably, it is the environment in which the alleged "invention" disclosed in the patents also operates). e-MDs has designated this information confidential because the body of information e-MDs uses to train its employees is competitively sensitive and should not be disclosed to its competitors, many of whom are defendants in this case. Thus, even if the individual documents are not confidential, the compilation of them is. Nonetheless, if Uniloc finds that the confidentiality designation of any document is inappropriate or is hindering its ability to prosecute its case, the Protective Order has procedures for addressing such issues and e-MDs stands ready and willing to cooperate with Uniloc on any issues. This is not an issue the Court needs to address on this motion because there is no dispute.

Thus, while e-MDs made its production in good faith and with great effort and feels it is complete, it is willing to confer with Uniloc if Uniloc disagrees—just as it has been willing to meet and confer since before Uniloc prematurely filed its motion to compel.

**B.      e-MDs has Supplemented Its Interrogatory Responses and Will Continue to do so as Needed as Discovery Continues**

Uniloc asserts that e-MDs has "improperly" relied on Rule 33(d) in its interrogatory responses. However, the interrogatories where e-MDs cited the rule were clearly interrogatories to which produced documents could much more clearly and efficiently provide a response than a narrative summary could. For example, Interrogatory No. 4 actually <u>asks</u> for the identification of <u>documents</u> that show features of products that were demonstrated. For Uniloc to contend it is improper to rely on Rule 33(d) in response to an interrogatory asking about documents is frankly ridiculous. Similarly, in Interrogatory No. 13, Uniloc expressly invites e-MDs to rely on Rule 33(d) in its response, stating "If you respond to this interrogatory by producing business records in accordance with Fed. R. Civ. P. 33(d), please specify by bates or production number the DOCUMENTS responsive to this interrogatory." Again, it is simply absurd to suggest that it is improper for e-MDs to rely on Rule 33(d) in its response to this interrogatory.

As another example, Interrogatory No. 12 asks for financial information. Such information is clearly most easily produced and understood in the form of documentary production, particularly where summaries already exist. Rule 33(d) is clearly an appropriate response to this interrogatory. In addition, on other interrogatories where e-MDs cited Rule 33(d), e-MDs also provided a substantive response and through the citation to Rule 33(d) simply indicated that documents would provide further responsive information.

e-MDs is in the process of supplementing its responses to these interrogatories to include citations to documents and it will continue to do so. Again, there is no dispute here and Uniloc's motion is premature, at best.

**C.     e-MDs Proposes an Orderly Exchange of Rebuttal Contentions, as is Common Practice in this Court**

Uniloc's argument in response to e-MDs' offer to agree to a simultaneous exchange, wherein e-MDs provides its non-infringement contentions and Uniloc provides its validity contentions rests solely on the notion that e-MDs has not yet proffered an interrogatory requesting Uniloc's validity contentions. In fact, however, written discovery is ongoing and, as Uniloc well knows, such an interrogatory is the province of a joint request from all defendants, which will be forthcoming. As e-MDs pointed out, Uniloc has taken the position in response to an interrogatory from GE Healthcare that it need not respond to contention interrogatories until expert discovery. If Uniloc wishes to depart from that position in this case, e-MDs argues that equity requires both sides to be held to the same standard. There is thus no dispute here unless Uniloc is contending that only it, and not the defendants, can delay the disclosure of rebuttal contentions until expert discovery.

**D.     e-MDs Has Supplemented Its Response on Marking Despite the Fact that Uniloc Bears the Burden of Production and Proof**

In its discussion of e-MDs' interrogatory response on Section 287, which requires marking for the recovery of pre-suit damages, Uniloc does not even address its unethical failure to cite controlling authority on point from this district that is contrary to its position, or even to mention that the cases it did cite from the Central District of California point out that the Eastern District of Texas disagrees. Uniloc instead simply makes the same unsupported argument again.

Nonetheless, to avoid burdening the Court with this issue, e-MDs has served a supplemental interrogatory response that meets the burden it does not bear. There is thus no issue for the Court to address with respect to this issue.

THEREFORE, for the reasons stated above and in e-MDs' opposition brief, Uniloc's motion should be denied.

Dated: December 3, 2015                     Respectfully submitted,

                                            */s/ Steven R. Daniels*
                                            Steven R. Daniels
                                            State Bar No. 24025318
                                            FARNEY DANIELS PC
                                            800 S. Austin Avenue, Suite 200
                                            Georgetown, Texas 78626
                                            Telephone: (512) 582-2828
                                            Facsimile: (512) 582-2829
                                            sdaniels@farneydaniels.com

                                            ***Attorneys for Defendant***
                                            ***e-MDS, Inc., a Texas corporation***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

Dated: December 3, 2015                     */s/ Steven R. Daniels*
                                            Steven R. Daniels