# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNILOC USA INC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> E-MDS, INC., et al., <br><br> Defendants. | C.A. No. 6:14-cv-00625 <br> Consolidated <br><br><br> **JURY TRIAL DEMANDED** |

## CERNER CORPORATION'S SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL CERNER CORPORATION

I.      INTRODUCTION

Cerner has produced a massive volume of documents in this case, including the most relevant information pertaining to the operation of the accused instrumentalities. Cerner has produced hundreds of thousands of pages of documents, primarily from Cerner's internal computer systems. Yet Uniloc demands additional documents that would be costly and burdensome to produce and that are cumulative of information Cerner has already provided. Moreover, for the vast majority of categories identified in its motion, Uniloc cannot articulate the additional documents it is seeking from Cerner with any level of specificity. This lack of specificity is fatal to Uniloc's motion, and Uniloc's motion should be denied in its entirety.

II.     ARGUMENT

A.      uCern Username and Password

While it is common for companies to maintain on-line portals to provide confidential product information to their customers, Uniloc fails to advance any authority supporting its demand for unfettered access to Cerner's customer portal (uCern) and, likewise, fails to address the authority in Cerner's response highlighting the reluctance of courts to allow a party direct access to its adversary's computer systems. These cases, such as *In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003) and *Balfour Beatty Raul, Inc. v. Vaccarello*, No. 3:06CV551, 2007 U.S. Dist. LEXIS 3581, at *7 (M.D. Fla. Jan. 18, 2007), have denied a party's request for access to an adversary's computers. As the Advisory Committee Notes to the 2006 Amendments to Rule 34 explain, Rule 34(a) is not meant to "create a routine right of direct access to a party's electronic information system," advising courts to "guard against undue intrusiveness resulting from inspecting or testing such systems."

Moreover, Cerner has disclosed to Uniloc the precise methodology it used to collect documents from its uCern portal. Doc. 453, Ex. C at 1-2. Uniloc fails to demonstrate any

deficiencies in this methodology or to contest Cerner's assertions that Cerner has offered to run additional targeted searches using specific keywords. Nevertheless, using the disclosed methodology, Cerner has already collected and produced a substantial volume of documents from its uCern portal. Given this production and the well-settled authority denying broad access to an adversary's computer systems, Uniloc's motion to compel a uCern username and password should be denied.

B. **Demo Access to the Accused Instrumentalities**

Uniloc argues that it needs remote demo access of the accused instrumentalities so it can access "help files." Doc. 464 at 2-3. Help files, however, are derived from the detailed product manuals Cerner has already produced in this case. Ex. B to Doc. 455, at 2. Uniloc does not deny that these previously-produced manuals provide comprehensive information regarding the operation of the accused instrumentalities. Simply put, the help files are cumulative of the already-produced product manuals. Moreover, while Cerner works with its hospital clients to make Cerner medical software remotely accessible to clinicians and employees in the hospital, Cerner does not maintain remotely-accessible demos of the accused instrumentalities, as detailed in Cerner's opposition.[1] Doc. 455 at 6. Because demos of the accused instrumentalities, including help files, are duplicative of already-produced documents and because the burden and expense of creating them outweigh their likely benefit, the Court should deny Uniloc's motion to compel the creation of these demos. Fed. R. Civ. P. 26(b)(2)(C)(i), (ii).

C. **Certification Documents**

Cerner has produced the third-party test scripts and reports in its possession. And

---

[1] Although Uniloc provides two declarations indicating that it requested remote demo access in meet and confers, Doc. 464 at Exs. 3 and 4, the detailed discovery correspondence makes no mention of requests for remote demo access. *See* Doc. 455 at Exs. A, B, and C.

2

contrary to Uniloc's contention, Cerner identified by Bates ranges all of these test scripts and reports, including ICSA Labs test scripts and reports. Ex. C to Doc. 455, at 3. In addition and contrary to Uniloc's suggestion, Cerner does not control ICSA, which is an independent lab authorized to perform test and certify Electronic Health Record (EHR) technology for the federal government.[2] The Court should deny Uniloc's motion to compel certification documents.

D. **Financials for the Accused Instrumentalities**

Cerner has already produced financials for the accused instrumentalities. Ex. A to Doc. 455, at 6. Indeed, contrary to Uniloc's contention, Cerner has not merely provided financials for "components" of these accused instrumentalities. Doc. 464 at 4. Moreover, Uniloc, in its reply, is still unable to identify the additional financial information it seeks and instead generically demands "relevant information." *Id.* at 3-4. Here, Cerner has provided financials for the accused instrumentalities and remains willing to provide additional financials if Uniloc articulates a specific request. The Court should deny Uniloc's motion to compel financials.

E. **Cerner's Customer Contracts**

Cerner has produced thousands of pages of customer contracts. Ex. A, 04/26/16 email Palak to Loveless; Dec. of Robert Reckers, dated May 2, 2016 at ¶ 2. Uniloc has not and cannot

---

[2] Citing *Shell Global Solutions (US) Inc. v. RMS Engineering, Inc.*, No. 4:09-cv-3778, 2011 WL 3418396 (S.D. Tex. Aug. 3, 2011), Uniloc argues for the first time in its reply that Cerner should be compelled to produce test scripts and reports in ICSA Labs' possession. Doc. 464 at 3. But *Shell* does not support Uniloc's assertion. That case held that a corporate party may be compelled to produce documents from a third party where that corporate party exercises *control* over the non-party. *Id.* at *2. Courts looks at the following factors when determining control: commonality of ownership; exchange or intermingling of directors, officers or employees of the two corporations; exchange of documents between the corporations in the ordinary course of business; any benefit or involvement of the nonparty corporation in the transaction; and involvement of the non-party corporation in the litigation. *Id.* These factors do not support a finding of "control," and Uniloc provides no evidence that Cerner exercises control over ICSA.

articulate a basis for compelling the production of additional contracts, and Uniloc's motion to compel on this issue should be denied.

### F. Siemens Acquisition and Due Diligence Documents

Uniloc is unable to articulate in any coherent fashion the relevancy of Cerner/Siemens acquisition and due diligence documents. Tellingly, Uniloc conclusory argues in its reply only that it is "axiomatic" that these documents are relevant. Doc. 464 at 4. But Cerner's acquisition of Siemens' medical software assets is simply not relevant to liability or damages in this patent infringement case. Given Uniloc's inability to provide a coherent explanation regarding relevancy, the Court should deny its motion to compel Cerner/Siemens Acquisition and due diligence documents.

### G. Associate uCern System Documents and SharePoint Documents

Uniloc is unable to articulate the additional associate uCern and Sharepoint documents it seeks. Instead, in its reply, Uniloc generically reiterates its demand for "relevant" documents. Doc. 464 at 5. But Cerner has produced a large number of relevant documents from these portals. Ex. C. to Doc. 455 at 1-2. Moreover, Uniloc has ignored Cerner's invitation to meet and confer to determine additional searches for collecting additional documents. Because Cerner has already produced the relevant document from the associate uCern and Sharepoint system following reasonable searches, the Court should deny Uniloc's motion to compel the production of additional (but unidentified) documents.

### H. Request Manager Documents

Cerner has produced Request Manager documents as Bates numbered documents CERN-UNI-041518 to CERN-UNI-042205. Uniloc's motion to compel these documents should be denied.

### I.     JIRA files

Uniloc fails to contest that it has not viewed the source code for the accused instrumentalities that Cerner made available. Nor does Uniloc contest that Cerner has produced substantial product documentation for the accused instrumentalities. This source code and these manuals illustrate the functionality of the accused instrumentalities far more comprehensively than the JIRA software files that Uniloc now demands. Ex. A to Doc. 455, at 3. Indeed, these files merely track software bugs. These files are, at best, duplicative of already-provided source code and already-produced manuals, and the burden and expense of producing them far outweighs their likely benefit. Thus, the Court should deny Uniloc's motion to compel JIRA files.

### III.    CONCLUSION

The record in this case establishes that Cerner diligently produced relevant documents in this case and reasonably responded to Uniloc's production requests by producing the requested documents or offering to meet and confer on overbroad requests. Uniloc's attempt to use overbroad and burdensome document requests that are not reasonably directed to relevant subject matter is inappropriate, and its motion fails to identify any category of documents that Cerner should be compelled to provide. Cerner respectfully requests that this Court deny Uniloc's Motion to Compel.

Dated: May 2, 2016            Respectfully submitted,

       /s/ Robert H. Reckers  
Robert H. Reckers (LEAD COUNSEL)  
Texas Bar No.: 24039520  
rreckers@shb.com  
Fiona A. Bell  
Texas Bar No.: 24052288  
fbell@shb.com  
SHOOK, HARDY & BACON LLP  
JPMorgan Chase Tower  
600 Travis Street, Suite 3400  
Houston, Texas 77002-2926  
Telephone: (713) 227-8008  
Facsimile: (713) 227-9508  

Lynn C. Herndon  
Admitted (MO Bar No.: 62942)  
lherndon@shb.com  
Christine A. Guastello (Chrissie)  
Admitted (MO Bar No.: 56917)  
cguastello@shb.com  
SHOOK, HARDY & BACON LLP  
2555 Grand Blvd.  
Kansas City, Missouri 64108  
Telephone: (816) 474-6550  
Facsimile: (816) 421-5547  

***ATTORNEYS FOR DEFENDANT CERNER CORPORATION***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

Dated: May 2, 2016

                                                  */s/ Robert H. Reckers*